IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD VON BARGEN, et al., | No. C 06-4744 MEJ |
| Plaintiff(s), | **ORDER RE: PLAINTIFF'S PSYCHIATRIC MEDICAL EXAMINATION** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

## INTRODUCTION

The Court is in receipt of the parties' joint meet and confer letter, filed October 10, 2007. (Doc. #25.) In the letter, Defendant United States of America ("Defendant") moves to compel Plaintiff Gerald Von Bargen ("Plaintiff") to submit to an independent mental examination. Plaintiff opposes the motion, arguing that he has not put his psychiatric and psychological condition at issue. The Court finds this matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b).

## LEGAL STANDARD

Federal Rule of Civil Procedure 35(a) provides that the Court may order a party to submit to a mental examination for good cause shown and upon proper notice. Fed. R. Civ. P. 35(a). To permit such an examination, Defendant must establish that: (1) Plaintiff has placed his condition in

controversy, and (2) good cause exists for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 116-17 (1964).

A plaintiff's mental or physical condition is "in controversy" when such condition is the subject of the litigation. *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (M.D.Fla.1988). "Good cause" generally requires a showing of specific facts justifying discovery. Factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether Plaintiff plans to prove his claim through testimony of expert witnesses, whether the desired materials are relevant, and whether Plaintiff is claiming ongoing emotional distress. *See, e.g., Turner v. Imperial Stores*, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995) (expert testimony); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal.1995) (ongoing emotional distress); *Schlagenhauf*, 379 U.S. at 118-19 (availability by other means).

In *Turner*, the district court conducted a thorough analysis of case law to determine whether a party's claim of "emotional distress" is sufficient to place that party's mental state in controversy sufficient to justify a Rule 35 examination. The court found that "garden-variety" emotional distress alone is not sufficient to place a party's mental state in controversy, explaining that Rule 35(a) was not meant to be applied in so broad a fashion as to allow courts to order a mental examination whenever a plaintiff claimed emotional distress. *Id.* at 97. Still, the court found that courts will order a mental examination where the case involves, in addition to emotional distress, one or more of the following: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is "in controversy" with in the meaning of Rule 35(a). *Id.* at 95. Further, an alleged ongoing mental or emotional illness puts the claimant's mental condition in controversy. *See Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal.1995); *Turner* at 97.

Even if good cause is shown, it is still within the Court's discretion to determine whether to order an examination. *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa.1990). Although the

rule is to be construed liberally to allow the examination, the Court must take into account the interest of the party to be examined in avoiding unnecessary invasion of privacy balanced against the moving party's right to a fair trial. *Curtis v. Express, Inc.*, 868 F. Supp. 467, 468 (N.D. N.Y.1994).

## APPLICATION TO THE CASE AT BAR

Upon review of the parties' arguments and relevant legal authority, the Court finds that a medical examination may be warranted. Here, Plaintiff's complaint consists of one cause of action for negligence as a result of an accident with a postal vehicle while riding his bicycle. According to his complaint, however, Plaintiff is claiming "severe" mental injuries as a result of the accident. Therefore, the question of severe emotional distress would appear directly at issue. The Court also notes Defendant's argument that Plaintiff intends to introduce testimony from his treating doctor, Dr. James Devore, regarding his emotional condition before and after the accident. Finally, the Court finds that an examination may be relevant because Plaintiff is claiming that he has not been able to return to work due to his disabilities, yet he has a history of depression that predates his accident, and his personnel records and deposition testimony establish that he has had to take leave from work prior to the accident.

However, Plaintiff now argues that, despite the language in his complaint and the arguments raised by Defendant, he is only claiming "garden variety" general damages normally associated with physical injury. If it is true that any emotional distress is incidental to his claims, a medical examination is unwarranted. Given the parties' arguments, however, the Court is unable to make this determination. Instead, the Court ORDERS Plaintiff to choose between the following:

1) Plaintiff shall submit to a psychiatric IME with Dr. Rappaport on a mutually convenient date to be scheduled in October 2007. If Plaintiff submits to an exam, Defendant shall be permitted an additional two weeks from the date of the IME to provide Dr. Rappaport's expert report.

2) If Plaintiff chooses not to submit to a psychiatric IME, he shall file a declaration by October 19, 2007, attesting that none of the *Turner* factors apply in this case. Specifically, Plaintiff shall attest that he:

   a) is not bringing, and shall not bring, a cause of action for intentional or negligent infliction of emotional distress;
   b) is not making, and shall not make, an allegation of a specific mental or psychiatric injury or disorder;

3

|   |   |   |
|---|---|---|
| c) | is not bringing, and shall not bring, a claim of unusually severe emotional distress; |
| d) | shall not offer any expert testimony to support a claim of emotional distress; and |
| e) | shall concede that his mental condition is not "in controversy" within the meaning of Rule 35(a) |

**IT IS SO ORDERED.**

Dated: October 17, 2007



MARIA-ELENA JAMES
United States Magistrate Judge

4