JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7322
Facsimile: (415) 436-6748
E-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GERALD VON BARGEN and KHOEUN KHAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. C 06-4744 MEJ<br><br>**STIPULATION OF SETTLEMENT AND RELEASES;** ~~[PROPOSED]~~ **ORDER** |

   IT IS HEREBY STIPULATED by and between plaintiffs Gerald Von Bargen and Khoeun Khan, on the one hand, and defendant United States of America, on the other hand, as follows:

   1. The parties do hereby agree to settle and compromise the above-entitled personal injury action under the terms and conditions set forth herein.

   2. The United States of America, defendant, agrees to pay to plaintiff Gerald Von Bargen the sum of Thirty-five thousand dollars ($35,000.00) and to pay to plaintiff Khoeun Khan the sum of Five thousand dollars ($5,000), which sums shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and

personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiffs or their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents, servants, and employees.

3. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the sums of money specified above (that is, the agreement to pay to plaintiff Gerald Von Bargen the sum of Thirty-five thousand dollars ($35,000.00) and to pay to plaintiff Khoeun Khan the sum of Five thousand dollars ($5,000)) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America or its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit. Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their heirs, executors, administrators or assigns against any third party or against the United States of America.

4. This stipulation for compromise settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of the defendant.

5. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by the agreement.

6. It is also agreed, by and among the parties, that the settlement amount to plaintiff Gerald Von Bargen in the sum of Thirty-five thousand dollars ($35,000.00) and to plaintiff Khoeun Khan in the sum of Five thousand dollars ($5,000)) paid by the United States of America to plaintiffs represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees, costs and/or

expenses owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered to plaintiffs in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8. Payment of the settlement amount will be made by one check payable in the amount of Thirty-five thousand dollars ($35,000.00) to "Gerald Von Bargen and his attorneys, Hinton, Cochran & Borba, LLP" and one check payable in the amount of Five thousand dollars ($5,000) to "Khoeun Khan and her attorneys, Hinton, Cochran & Borba, LLP". Plaintiffs and their attorneys are responsible for payment of any taxes that may be due on the settlement proceeds. Defendant makes no representation as to any tax consequences or liabilities Plaintiffs or their attorneys may incur as a result of this settlement.

9. The parties will execute a dismissal with prejudice of this action, but the dismissal with prejudice shall not be filed with the Court until payment of the settlement consideration has been made. Plaintiffs are advised that settlement checks are sometimes not available for eight to ten weeks after approval of the settlement by the court. Counsel for the United States of America will notify plaintiffs' counsel when the settlement check is available. Provided that plaintiff has provided defendant's counsel with the signed stipulation of dismissal, defendant's counsel will, within ten (10) days of receipt of the settlement check, deliver the settlement check to plaintiffs' counsel.

10. Plaintiffs hereby release and forever discharge the United States Postal Service, the United States of America and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiffs' pleadings in this action.

11. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or

suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiffs understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiffs' pleadings in this action.  Plaintiffs agree to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, including but not limited to the United States Postal Service, arising out of the allegations set forth in plaintiffs' complaint in this action.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiffs shall not seek to rescind the Agreement and pursue their original causes of action.  Plaintiffs' sole remedy in such a dispute is an action to enforce the Agreement in district court.  The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

///

15. This settlement agreement may be signed in counterparts.

DATED: ~~April~~ May 25, 2010   By: _____
JOSEPH P. RUSSONIELLO
United States Attorney

MICHAEL T. PYLE
Assistant United States Attorney
Attorneys for Defendants

DATED: April 10, 2010   By: _____
GERALD VON BARGEN
Plaintiff

DATED: April ___, 2010   By: _____
KHOEUN KHAN
Plaintiff

HINTON COHRAN & BORBA, LLP

DATED: ~~April~~ 5/20/2010   By: _____
JOHN BORBA
Attorneys for Plaintiff

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: May 26, 2010   _____
Hon. Maria Elena James
United States Magistrate Judge

STIPULATION OF SETTLEMENT AND RELEASES; [PROPOSED] ORDER
Case No. C06-4744 MEJ
5

15. This settlement agreement may be signed in counterparts.

|  |  |
|---|---|
|  | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| DATED: ~~April~~ May 25, 2010 | By: _/s/ Michael T. Pyle_<br>MICHAEL T. PYLE<br>Assistant United States Attorney<br>Attorneys for Defendants |
| DATED: April ___, 2010 | By: _____<br>GERALD VON BARGEN<br>Plaintiff |
| DATED: ~~April~~ 5/4/2010 | By: _/s/_<br>KHOEUN KHAN<br>Plaintiff |
|  | HINTON COHRAN & BORBA, LLP |
| DATED: ~~April~~ 5/20/2010 | By: _/s/ John Borba_<br>JOHN BORBA<br>Attorneys for Plaintiff |

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: _____

_____
Hon. Maria Elena-James
United States Magistrate Judge

STIPULATION OF SETTLEMENT AND RELEASES; [PROPOSED] ORDER
Case No. C06-4744 MEJ                                5